JEREMY W. KATZ (SBN: 119418)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Email: jkatz@pinnaclelawgroup.com
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for Trustee
PAUL J. MANSDORF

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>MICROGEAR, INC.,<br><br>          Debtor. | Case No. 08-47335 LT 7<br><br>**Chapter 7**<br><br>**CHAPTER 7 FINAL APPLICATION FOR COMPENSATION BY ATTORNEYS FOR TRUSTEE (SHORT FORM)** |

      This application is submitted by Pinnacle Law Group LLP, attorneys for Paul Mansdorf, Trustee ("Pinnacle") pursuant to Guideline 9 of the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees adopted by the United States Bankruptcy Court for the Northern District of California.

| | | |
|---|---|---:|
| 1. | Date of Filing of Case: | December 10, 2008 |
| 2. | Name of Trustee: | Paul J. Mansdorf |
| 3. | Total Receipts of Trustee: | $202,996.86 |
| 4. | Present Balance on Hand: | $201,292.86 |
| 5. | Date of Appointment of Applicant: | January 5, 2009 |
| 6. | Time Period of Application: December 11, 2008, to | October 16, 2009 |
| 7. | Hourly Rate of Professional: | $495 |
| 8. | Total Hours in this Application: | 33.0 |

| | | |
|---|---|---|
| 9. | Total Fees Requested: (includes a $1,335 reduction) | $15,000.00 |
| 10. | Amount Included for Preparation of, and Appearance at Hearing on, Application: | $0 |
| 11. | Total Costs Requested this Application: | $338.65 |
| 12. | Total Fees and Costs Requested: | $15,338.65 |
| 13. | Brief Description of Services: | |

The Trustee contacted Applicant to assist him in analyzing the enforceability of several security interests against property of the estate, in analyzing the circumstances surrounding a $150,000 loan made by the Debtor to the Debtor's principal, and, if appropriate, assisting the Trustee in collecting accounts receivable. Applicant prepared the pleadings necessary to become employed in the case, and reviewed the schedules and statement of financial affairs.

A secured creditor, Ingram Micro, had sued the Debtor and its principal in Orange County, California. Applicant reviewed the complaint and answer to obtain information about Ingram Micro's security interest in estate property. Applicant also spoke to the Debtor's state court counsel about the relationship between the Debtor and the Debtor's principal.

The estate had $200,000 in the Debtor's bank account. Applicant had to determine whether that money was encumbered by a lien. Applicant ordered a UCC-1 search and when the financing statements arrived, determined that a discrepancy existed between the financing statements and the identities of secured creditors listed in the Debtor's schedules. Applicant determined that all of the Debtor's personal property assets were encumbered by a lien in favor of Ingram Micro; however, that no creditor had perfected a security interest in the deposit account containing the cash.

Bridge Bank had filed a UCC-1 financing statement encumbering the Debtor's assets. The Debtor's principal informed Applicant that Bridge Bank had been repaid. Applicant drafted correspondence to Bridge Bank regarding the alleged security interest.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

Cisco IronPort had filed a judgment lien against the Debtor which Applicant determined to be preferential. Applicant corresponded with the judgment creditor, requesting that it voluntarily release the judgment lien. When no response was forthcoming, Applicant spoke to the Trustee who determined that an adversary proceeding should be filed to avoid the lien as preferential. Applicant drafted the complaint and caused it to be served. Cisco IronPort then agreed to release its lien. Applicant drafted the pleadings to dismiss the adversary proceeding.

The Debtor had repaid a $150,000 loan it had obtained from the Debtor's principal. Applicant determined that the loan had been repaid during the preference period. Applicant then researched whether the Debtor's principal had any defenses to the preference. The Debtor had obtained loans from its principal twice before. Applicant analyzed the repayments of those two loans and compared them with the repayment of the $150,000 loan. Applicant concluded that the Debtor's principal had an ordinary course of business defense, and so informed the Trustee.

Applicant was contacted by counsel for Ingram Micro about the Trustee stipulating to relief from stay regarding the accounts receivable. Applicant conferred with the Trustee, who determined that the estate had no interest in the accounts receivable, and agreed to stipulate to stay relief. Applicant reviewed and revised the pleadings prepared by counsel for Ingram Micro.

The Trustee asked Applicant to object to duplicate claims and to the secured claim of Ingram Micro. Applicant prepared and served the objections. Ingram Micro agreed that its claim was an unsecured claim. When the time to respond to the claims objection had passed, Applicant prepared the pleadings to obtain orders disallowing the duplicate claims. The orders were signed.

Applicant communicated with the Debtor's principal regarding disposing of books and records in storage. Applicant fielded a telephone call from a former employee who needed information to renew his green card.

///
///
///

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

A detailed billing statement of fees and costs is attached hereto as Exhibit "A."

Dated: December 15, 2009                    PINNACLE LAW GROUP LLP

                                            By: /s/Jeremy W. Katz
                                                Jeremy W. Katz
                                                Attorneys for Paul J. Mansdorf, Trustee

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

# CERTIFICATION

I, Jeremy W. Katz, declare as follows:

1. That I am a partner in Pinnacle Law Group LLP, attorneys for the Trustee.

2. That I am familiar with and have read the above application and the facts therein are true to my knowledge and belief. The copies of the billing statements are true and correct copies of my billing statements for this case.

3. That the firm of Pinnacle Law Group LLP has not been paid or compensation from any other source for services rendered in connection with this case.

4. That Pinnacle Law Group LLP has not entered into any agreement or understanding with any other entity for the sharing of compensation received or to be received for services rendered and/or to be rendered in connection with this case.

5. That to the best of my knowledge, information and belief, the compensation and expense reimbursement sought herein is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the United States Bankruptcy Court for the Northern District of California, except to the extent set forth in the application.

6. That this application is submitted in accordance with Guideline No. 9 of the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the United States Bankruptcy Court for the Northern District of California.

7. That the compensation and expenses sought herein were billed at rates no less favorable than those customarily billed by applicant and generally accepted by the applicant's clients. Applicant charges 15 cents per photocopy, the same amount it charges all of its clients. Applicant charges clients the actual postage used. It is not seeking reimbursement for faxes.

I declare under penalty of perjury that the foregoing is true and correct and that this certification was executed this 15th day of December 2009, at San Francisco, California.

By: /s/Jeremy W. Katz
Jeremy W. Katz

# DECLARATION

I, Jeremy W. Katz, declare as follows:

1. That I am a partner in Pinnacle Law Group LLP, attorneys for the Trustee. I have personal knowledge of the facts contained in this declaration, and if called as a witness, could and would competently testify as to them.

2. I personally prepared this short form fee application. I declare that the information contained in the short form fee application is true and correct, and is based on my personal knowledge of the case. I was the only attorney who worked on the case.

3. I have sent the Trustee a copy of the short form fee application at least 21 days prior to the hearing on it.

I declare under penalty of perjury that the foregoing is true and correct and that this certification was executed this 15th day of December 2009, at San Francisco, California.

By: /s/Jeremy W. Katz
Jeremy W. Katz

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

## TRUSTEE'S STATEMENT RE: REVIEW OF FEE APPLICATION
### (U.S. Trustee Guidelines, ¶ 2.2.2)

I, Paul J. Mansdorf, Trustee of this bankruptcy estate, hereby certify that I have read the foregoing first and final fee application of Pinnacle Law Group LLP, counsel for me in the foregoing bankruptcy case, and I have no objections to that fee application or the fees and costs requested therein.

DATED: December 15, 2009

Paul J. Mansdorf, Trustee

1871/045     TRUSTEE'S STATEMENT

PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Federal ID No.: 94-3370559

STATEMENT DATE
November 30, 2009

==============================================================

Paul J. Mansdorf, Trustee
1563 Solano Ave. #703
Berkeley CA 94707

Page: 1
12/14/2009
Account No:  1871-045M
Statement No:  19090

Microgear, Inc.

Interim Statement

## Fees

| Date | | Description | Hours | |
|---|---|---|---:|---:|
| 12/11/2008 | | | | |
| | JWK | Review new case; schedules and statement of financial affairs (0.9); order UCC search (.2). | 1.10 | 544.50 |
| | JWK | Drafted employment pleadings. | 0.80 | 396.00 |
| 12/12/2008 | | | | |
| | JWK | Telephone call to Trustee re: remaining tasks and possible litigation. | 0.40 | 198.00 |
| 12/16/2008 | | | | |
| | JWK | Telephone call from equipment lessor's counsel re: picking up phone equipment. | 0.30 | 148.50 |
| 12/17/2008 | | | | |
| | JWK | Review and sign stipulation for relief from stay as to phone equipment. | 0.30 | 148.50 |
| | JWK | Review and respond to correspondence from debtor's counsel re: state court action in Orange County. | 0.40 | 198.00 |
| 12/18/2008 | | | | |
| | JWK | Review correspondence regarding Orange County lawsuit against debtor and principal (.4); review complaint and answer (.6); additional correspondence re: why estate should be involved in lawsuit (.2). | 1.20 | 594.00 |
| | JWK | Telephone conference with Debtor's state court counsel re: state court action, the nature of the causes of action; how judgment against principal might impact the estate. | 1.00 | 495.00 |
| 12/30/2008 | | | | |
| | JWK | Review UCC-1 financing statements and Schedules because of discrepancy between the Financing Statements and schedule of secured creditors and determine if any creditor has security interest in monies in bank accounts (1.1); draft letter to bank to obtain information and documents (.5); draft letter to judgment creditor regarding preferential judgment lien (.4). | 2.00 | 990.00 |

EXHIBIT A

Case: 08-47335   Doc# 40   Filed: 12/15/09   Entered: 12/15/09 12:44:21   Page 8 of 14

Paul J. Mansdorf, Trustee

Microgear, Inc.

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 12/31/2008 | JWK | Draft letter to Microgear's [Ingram Micro's] counsel re: what it wants to do with collateral. | 0.50 | 247.50 |
| 01/09/2009 | JWK | Telephone call from Trustee re: creditor meeting issues. | 0.20 | 99.00 |
| 01/13/2009 | JWK | Telephone call from Trustee re: meeting of creditors and prepare for meeting. | 0.90 | 445.50 |
| | JWK | Telephone call from Ori Katz re: relief from stay to foreclose on personal property collateral. | 0.40 | 198.00 |
| 01/14/2009 | JWK | Prepare for and attend meeting of creditors. | 1.00 | 495.00 |
| 01/19/2009 | JWK | Correspondence with Debtor's counsel re: loan from principal. | 0.30 | 148.50 |
| 01/20/2009 | JWK | Review correspondence from state court counsel re: status of state court action. | 0.30 | 148.50 |
| 01/22/2009 | JWK | Correspondence with Ori Katz re: problems with relief from stay stipulation. | 0.40 | 198.00 |
| 01/26/2009 | JWK | More correspondence with Bridge Bank re: status of its alleged security interest. | 0.40 | 198.00 |
| | JWK | Review revised relief from stay stipulation and correspondence with counsel re: position as to bank accounts. | 0.40 | 198.00 |
| 02/02/2009 | JWK | Correspondence with lender's counsel re: revising relief from stay stipulation as to bank accounts. | 0.40 | 198.00 |
| 02/03/2009 | JWK | Reviewed and revised relief from stay stipulation, telephone call to Trustee re: same; forward it to lender's counsel with comments. | 0.70 | 346.50 |
| 02/04/2009 | JWK | Review files and documents for potential preferential transfers and email Debtor's counsel requesting information on $150,000 loan repaid to principal. | 0.90 | 445.50 |
| 02/10/2009 | JWK | Correspondence with Debtor's counsel re: loan. | 0.20 | 99.00 |
| 02/13/2009 | JWK | Correspondence with secured creditor and review and sign revised | | |

Paul J. Mansdorf, Trustee

Microgear, Inc.

Page: 3
12/14/2009
Account No: 1871-045M
Statement No: 19090

| Date | | Description | Hours | |
|---|---|---|---|---|
| | | stipulation for relief from stay. | 0.40 | 198.00 |
| 03/05/2009 | JWK | Telephone call from former employee seeking green card; telephone call from his immigration lawyer re: INS needing debtor's tax returns. | 0.40 | 198.00 |
| 03/20/2009 | JWK | Telephone call from Trustee re: reviewing two proofs of claim and determine that bank accounts do not constitute collateral of Ingram Micro. | 0.60 | 297.00 |
| 03/23/2009 | JWK | Review priority wage claim per Trustee's request and correspondence to Trustee re: findings. | 0.50 | 247.50 |
| | JWK | Draft complaint against Cisco IronPort to avoid its judgment lien as preferential. | 2.10 | 1,039.50 |
| | JWK | Legal research re repayment of short term loans as preferences. | 0.90 | 445.50 |
| 03/24/2009 | JWK | Review summons and adversary proceeding cover sheet and proof read complaint against Cisco IronPort. | 0.70 | 346.50 |
| 03/31/2009 | JWK | Legal research re ordinary course of business defense where principal pays himself back on short term loan right before business closes. | 1.00 | 495.00 |
| 04/02/2009 | JWK | Review adversary proceeding summons and calendar dates. | 0.20 | 99.00 |
| 04/07/2009 | JWK | Legal research re short term loans and ordinary course of business. | 1.50 | 742.50 |
| | JWK | Telephone call from Gaye Heck re: Cisco IronPort preferential transfer; telephone call to Trustee re: same; and draft confirming email that lien will be removed. | 0.50 | 247.50 |
| 04/08/2009 | JWK | Review Schedules and Statement of Financial Affairs and files re: Popli preference and correspondence with Popli re: additional information and correspondence with Trustee re: strategy. | 0.70 | 346.50 |
| 04/28/2009 | JWK | Drafted notice of dismissal of adversary proceeding. | 0.50 | 247.50 |
| 05/13/2009 | JWK | Drafted status report to Trustee. | 0.50 | 247.50 |
| | JWK | Asset search on Sunil Popli and correspondence to Trustee re: results. | 1.00 | 495.00 |
| 07/07/2009 | JWK | Review file and court docket for remaining tasks. | 0.30 | 148.50 |

Paul J. Mansdorf, Trustee

Microgear, Inc.

| Date | | Description | Hours | |
|---|---|---|---|---|
| 07/08/2009 | JWK | Correspondence with Trustee re: remaining tasks and strategy. | 0.20 | 99.00 |
| 07/30/2009 | JWK | Telephone conference with Trustee re: which proofs of claim need legal review. | 0.30 | 148.50 |
| | JWK | Review commission claim to determine if it is entitled to priority status and correspondence with Trustee re: allowing claim as a priority wage claim. | 0.70 | 346.50 |
| | JWK | Drafted two objections to duplicate proofs of claim. | 1.00 | 495.00 |
| | JWK | Drafted objection to secured proof of claim. | 0.90 | 445.50 |
| 08/03/2009 | JWK | Reviewed and revised objections to four proofs of claim. | 0.40 | 198.00 |
| 08/11/2009 | JWK | Telephone call from Ingram Micro's attorney re: stipulating to allowed general unsecured claim. | 0.60 | 297.00 |
| 08/19/2009 | JWK | Review stipulation for allowance of claim prepared by Ingram Micro and telephone call to Trustee re: needed revisions. | 0.70 | 346.50 |
| 08/20/2009 | JWK | Correspondence with counsel for Ingram Micro re: amended proof of claim issues. | 0.30 | 148.50 |
| 09/14/2009 | JWK | Drafted request, declaration, and proposed order for order disallowing claim no. 29. | 0.90 | 445.50 |
| 10/16/2009 | JWK | Review schedules and respond to debtor's email re: abandoning books and records in storage. | 0.70 | 346.50 |
| | | For current services rendered | 33.00 | 16,335.00 |

Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Jeremy W. Katz | 33.00 | $495.00 | $16,335.00 |

Expenses

| | | |
|---|---|---|
| 12/31/2008 | Postage expense for the month of December 2008 | 3.79 |
| 12/31/2008 | Duplication expense for the month of December 2008 | 5.40 |
| 12/31/2008 | Facsimile expense for the month of December 2008 | 3.00 |
| 03/31/2009 | Postage expense for the month of March 2009 | 1.17 |
| 04/30/2009 | Postage expense for the month of April 2009 | 2.36 |
| 08/31/2009 | Duplication expense for the month of August 2009 | 12.00 |

Paul J. Mansdorf, Trustee

Microgear, Inc.

Page: 5
12/14/2009
Account No: 1871-045M
Statement No: 19090

| Date | Description | Amount |
|---|---|---|
| 08/31/2009 | Postage expense for the month of August 2009 | 6.30 |
| 09/30/2009 | Postage expense for the month of September 2009 | 1.83 |
| 09/30/2009 | Duplication expense for the month of September 2009 | 4.80 |
| | Total Expenses | 40.65 |

*(handwritten: — 3 — , 37⁶⁵)*

### Advances

| Date | Description | Amount |
|---|---|---|
| 12/16/2008 | Clas Information Services, Inc. - document production. | 51.00 |
| 03/24/2009 | CA Northern CM ECF - filing fee. | 250.00 |
| | Total Advances | 301.00 |
| | Total Current Work | ~~16,676.65~~ |
| | Balance Due | ~~$16,676.65~~ |

*(handwritten: $15,338.65)*

Case: 08-47335   Doc# 40   Filed: 12/15/09   Entered: 12/15/09 12:44:21   Page 12 of 14

Draft Statement Run Totals 12/14/2009

| | |
|---|---:|
| Statements Printed: | 1 |
| Hours: | 33.00 |
| Fees: | 16,335.00 |
| Expenses: | 40.65 |
| Advances: | 301.00 |

# PROOF OF SERVICE

I am employed in the office of a member of the bar of this Court in the City and County of San Francisco, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 425 California Street, Suite 1800, San Francisco, California 94104.

On December 15, 2009, I served the document described as:

**CHAPTER 7 FINAL APPLICATION FOR COMPENSATION BY ATTORNEYS FOR TRSUTEE (SHORT FORM)**

on the interested parties in this action by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

CHAPTER 7 TRUSTEE
Paul J. Mansdorf, Trustee
1563 Solano Avenue, Suite 703
Berkeley, CA 94707-2116

[X]  BY E-MAIL: On the date stated above, I transmitted such document(s) by electronic mail to the persons listed above at the electronic notification address listed above. The transmission was reported as complete and without error.

Office of the U. S. Trustee/Oak
1301 Clay Street, #690N
Oakland, CA 94612-5231

[X]  U.S. MAIL: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth above.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on December 15, 2009, at San Francisco, California.

/s/ Heather Pruitt
Heather Pruitt

Hon. Leslie Tchaikovsky
United States Bankruptcy Court
P.O. Box 2070
Oakland, CA 94604-2070
**Attention: CHAMBERS COPIES**